10174-6

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| PAINTERS DISTRICT COUNCIL NO. 30 | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 08 C 886 |
| | ) | |
| BRYER CONSTRUCTION, INC. | ) | Judge Gettleman |
| | ) | Magistrate Judge Ashman |
| Defendant | ) | |

### ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSE

Now comes BRYER CONSTRUCTION, INC. ("Bryer"), by its attorneys, ELIZABETH A. BATES and KATHLEEN R. RYDING, and for its Answer to Complaint and Affirmative Defense states as follows:

JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. Sec. 9 and Section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185 (a).

ANSWER:   Bryer admits the allegations in paragraph 1.

2. Venue is proper in this district as the Plaintiff and Defendant are located in Kane County, Illinois and are within this judicial district.

ANSWER:   Bryer admits that venue is proper in this district and that it is located in Kane County, Illinois.  Bryer lacks sufficient knowledge or information to form a belief as to the truth of the allegation that plaintiff is located in Kane County.

## PARTIES

3. Painters District Council No. 30 ("Union") is a labor organization. The Union is an affiliate of the International Union of Painters and Allied Trades and has its business office at 1905 Sequoia Drive, Aurora, Illinois 60506.

ANSWER: Bryer lacks sufficient knowledge or information to form a believe as to the truth of the allegations in paragraph 3.

4. Bryer Construction, Inc. ("Bryer") is a corporation organized under the Illinois Business Corporation Act of 1983, 805 ILCS 5/1.01 et seq. Bryer is an employer engaged in the construction painting industry throughout Northeast Illinois.

ANSWER: Bryer admits the allegations in paragraph 4.

## FACTUAL ALLEGATIONS

5. At all material times, members of the FCA of Illinois, an Employer Association ("Association"), as well as other employers and the Union have been signatories to a collective bargaining agreement with effective dates of May 1, 2004 through April 20, 2008 ("Agreement"). Since May 10, 2007, Bryer has also been a signatory to the Agreement.

ANSWER: Bryer admits it has been a signatory to the Agreement since May 10, 2007. Bryer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 5.

6. Article 13, Section 13.1 of the Agreement provides for dispute resolution through a grievance and arbitration procedure that originates with the Joint Trade Board ("JTB"). The JTB consists of 12 members, 6 appointed by the Union, and 6 appointed by the Association.

ANSWER: The Agreement speaks for itself and Bryer denies the allegations in paragraph 6 to the extent inconsistent therewith.

7.      Section 13.3 provides that "[a]ny decision of the Joint Trade Board shall be final and binding upon every party and any signatory to this Agreement". Section 13.6 provides that "[i]f the Joint Trade Board deadlocks, all matters in dispute shall be referred to arbitration by either party."

ANSWER:    The Agreement speaks for itself and Bryer denies the allegations in paragraph 6 to the extent inconsistent therewith.

8.      On or about November 6, 2007, the Union filed charges with the JTB against Bryer for violations of Articles 6, 9 and 12 of the Agreement. On November 8, 2007, Bryer received notice of the charges along with notice that a JTB hearing was scheduled for November 20, 2007.

ANSWER:    Bryer admits that on or about November 6, 2007, the Union filed charges with the JTB against Bryer for alleged violations of Articles 6, 9, and 12 of the Agreement. Bryer denies violating the Agreement. Bryer further denies that on November 8, 2007, Bryer received notice of the charges along with notice that a JTB hearing was scheduled for November 20, 2007.

9.      On November 20, 2007, the JTB held a hearing on the charges against Bryer. Despite receiving notice of the charges, the hearing date and time, Bryer failed to appear at the hearing.

ANSWER:    Bryer admits it did not appear at a hearing on November 20, 2007. Bryer denies receiving notice of the charges, hearing date, and time. Bryer lacks sufficient knowledge or information to form a belief as to the truth of the allegation that on November 20, 2007, the JTB held a hearing on the charges against Bryer.

10.     Based upon the evidence presented, the JTB found that Bryer had violated the Agreement by failing to file any job reporting notices as required by Section 6.9 of the Agreement, failing to provide a wage and benefit bond as required by Sections 12.2 and 13.2 of the Agreement and failing to submit fringe benefit contributions and wage deductions on the correct and approved

form as required by Sections 9.1 and 9.3 of the Agreement. The JTB fined Bryer $15,000 for these violations.

ANSWER: Bryer lacks sufficient knowledge or information to form a believe as to the truth of the allegations in paragraph 10. Bryer denies violating the Agreement.

11. The Findings by the JTB are final and binding.

ANSWER: Paragraph 11 is a conclusion of law to which no response is required. Bryer denies any findings are binding, as it did not receive notice of the hearing.

12. On November 21, 2007, Bryer was advised, in writing, of the JTB's Decision and fines. Bryer was also advised that such fine was payable within fifteen days of the notice. Bryer received the November 21, 2007 notice on November 27, 2007.

ANSWER: Bryer admits the allegations in paragraph 12.

13. To date, Bryer has not paid the fine as required by the JTB's Decision and has failed and refused to comply with the JTB's Decision.

ANSWER: Bryer admits it has not paid the fine. Bryer denies the remaining allegations in paragraph 13.

## RELIEF

WHEREFORE, Bryer Construction, Inc. respectfully requests that this Court enter judgment in its favor, for its costs of suit and attorneys' fees, and for any such other and further relief as this Court deems proper and just.

## **AFFIRMATIVE DEFENSE**

1. The plaintiff's claims are barred by the doctrines of waiver, consent, and estoppel.

      Respectfully submitted,


          /s/ Kathleen R. Ryding
By:_____
      Kathleen R. Ryding, one of Bryer's attorneys

Kathleen R. Ryding [#6181310]
Elizabeth A. Bates
Lawrence A. Stein
Edward J. Sedlacek
**HUCK BOUMA PC**
1755 South Naperville Road, Suite 200
Wheaton, Illinois 60187
630 221-1755
630 221-1756 (fax)


## CERTIFICATE OF FILING AND SERVICE

    I, KATHLEEN R. RYDING, certify as follows under penalty of perjury this 19th day of March, 2008:

    1.    I filed this *Answer to Complaint and Affirmative Defense* by filing it with the clerk of the court by electronic means.

    2.    I served this *Answer to Complaint and Affirmative Defense* by filing it with the clerk of the court by electronic means, which electronic filing constitutes service by virtue of local rule 5.9.

    3.    I made the electronic filing on March 19, 2008.

          /s/ Kathleen R. Ryding
_____

Kathleen R. Ryding [#6181310]
Elizabeth A. Bates
Lawrence A. Stein
Edward J. Sedlacek
**HUCK BOUMA PC**
1755 South Naperville Road, Suite 200
Wheaton, Illinois 60187
630 221-1755
630 221-1756 (fax)
R:\10000s\10100-10199\10174-6\Pleadings\08 C 886\080318 - Answer & Affirmative Defenses.wpd