UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAINTERS DISTRICT COUNCIL NO. 30,

        Plaintiff

v.

Bryer Construction, Inc.

        Defendant

Case No. 08-cv-886
Judge Gettleman
Magistrate Judge Ashman

## JOINT STATUS REPORT

A. This matter is set for status on August 21, 2008 at 9:30 a.m.

B. Plaintiff's counsel and the lawyer expected to try the case is Sherrie E. Voyles of the law firm Jacobs, Burns, Orlove, Stanton & Hernandez. Defendant's counsel and the lawyer expected to try the case is Kathleen Ryding, of the law firm Huck, Bouma.

C. Federal jurisdiction is conferred pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. Sec. 9 and Section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185 (a).

D. Jury: Neither party has requested a jury.

E. Plaintiff seeks confirmation of an arbitration award issued by a Joint Trade Board pursuant to a collective-bargaining agreement. There is no counterclaim. The Defendant denies that the Plaintiff gave proper notice of the arbitration proceedings and the Defendant denies that it received actual notice of them.

F. Plaintiff seeks confirmation of the award which fined the Defendant a total of $15,000. Plaintiff also seeks its attorneys fees as outlined in the collective-bargaining agreement.

G. See F above.

H. As the agreed-upon arbiter of contractual disputes between the Union and its signatory employers, the Joint Trade Board functions as a board of arbitration, and the law sharply

limits this Court's review of its decisions. *United Steelworkers of Am. v. Enterprise Wheel and Car Corp.*, 363 U.S. 593,596 (1960); *Jasper Cabinet*, 77 F.3d at 1028 (upholding district court's confirmation of arbitration award and awarding union its attorneys' fees for employer's meritless contention that award did not draw its essence from contract); *Baravati v. Josephthal, Lyon & Ross, Inc.*, 28 F.3d 704, 706 (7th Cir. 1994) ("judicial review of arbitration awards is tightly limited; perhaps it ought not be called 'review' at all"). A reviewing court must uphold an arbitration decision if it "draws its essence from the collective bargaining agreement." *United Paperworkers Int'l Union et al. v. Misco, Inc.*, 484 U.S. 29, 36 (1960). The Court's inquiry is simply whether the arbitrator "exceeded the powers delegated to him by the parties." *Dexter Axle Co. v. International Ass'n of Machinists and Aerospace Workers, Dist. 90, Lodge 1315*, 418 F.3d 762, 768 (7th Cir. 2005), quoting *Ethyl Corp., v. United Steelworkers of Am.*, 768 F.2d 180, 184 (7th Cir. 1985) (affirming district court's confirmation of award). The parties have bargained for the JTB's interpretation of the CBA, and the Court's failure to respect that bargained-for interpretation would undermine the federal policy of settling labor disputes by arbitration. *Ladish v. International Ass'n of Machinists and Aerospace Workers, Dist. No. 10 and Local 1862*, 966 F.2d 250, 252 (7th Cir. 1992) (upholding district court's refusal to vacate award).

Defendant contends that if the notice of the underlying arbitration proceedings was factually or legally insufficient, the Court should not confirm the arbitration award.

I. Defendant claims it did not receive notice of the Joint Trade Board hearing.

J. Plaintiff anticipates the case may be resolved through summary judgment. The Defendant does not anticipate that this matter can be resolved by summary judgment because the issue of the legal and factual adequacy of the notice of the arbitration proceedings will likely be a genuine issue of material fact.

K.   Plaintiff has issued written discovery to Defendant. Plaintiff anticipates taking two depositions. The parties do not anticipate the need for expert discovery and jointly propose a discovery cut-off of November 30, 2008. The Defendant will issue written discovery and anticipate taking 2 depositions in time to complete all discovery by November 30, 2008.

L.   The parties will be prepared for trial by January, 2009.

M.   There are currently no settlement discussions.


| /s Sherrie E. Voyles | /s/ Kathleen Ryding |
|---|---|
| Sherrie E. Voyles | Kathleen Ryding |
| Attorney for Plaintiff | Attorney for Defendant |
| Date: August 15, 2008 | Date: August 15, 2008 |